IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAF-T-GARD INTERNATIONAL, INC., and ) <br> REGINA ART GLASS, INC., individually and on ) <br> behalf of all other similarly situated, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> WAGENER EQUITIES, INC., and JOHN ) <br> DOES 1-10, ) <br> ) <br> Defendants. ) | No. 07 C 0890 <br> Consolidated with 07 C 891 <br> Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff Saf-T-Gard International, Inc., filed a class action against Defendant Wagener Equities, Inc., in the Circuit Court of Cook County, Chancery Division, on January 16, 2007, claiming that on or about November 9, 2006, it received an unsolicited fax advertisement sent by or on behalf of the defendant, and that the same fax had been sent to numerous other recipients as part of a mass "broadcast." The complaint alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815, and a state law conversion claim. The case was removed to this court on February 15, 2007.[1]

Plaintiff filed an amended complaint in this court on March 23, 2007, and filed the current corrected amended complaint on April 4, 2007. The corrected amended complaint

---

[1]The case was consolidated shortly thereafter with a class action by plaintiff Regina Art Glass, Inc., (No. 07 C 891), which alleged the same violations against the defendant, based on the same grounds. During the pendency of the present motion, Regina Art Glass, Inc., settled its individual and class claims and voluntarily dismissed its complaint.

eliminated the state law claims, asserting only the TCPA as a basis for plaintiff's individual and class claims.

Plaintiff has moved under Fed. R. Civ. P. 23 to certify a class consisting of, (a) all persons with Illinois fax numbers, (b) who, on or after January 17, 2003, (c) received advertising faxes by defendant Wagener Equities, Inc. Defendants oppose class certification.[2] For the reasons discussed below, the court denies plaintiff's motion.

**FACTS**

Defendant is in the business of selling, leasing and managing industrial real estate properties on behalf of its clients. Plaintiff alleges in its complaint that at an unspecified date in 2006, it received an unsolicited fax bearing the signature of defendant's president, Daniel Wagener. The fax invited its recipient to search a website apparently associated with defendant, which contained information on available real estate properties. The parties agree that they have never had a business relationship.

Defendant admits that its president prepared the fax in question, which was intended as a mailer to potential business prospects. Defendant denies that it ever authorized the transmission of the fax to any prospect but concedes that it engaged a third party, the Marketing Research Center ("MRC"), to broadcast the fax to a list of companies defendant understood MRC had "pre-screened" for willingness to receive fax advertisements. According to the testimony of defendant's Rule 30(b)(6) witness, Daniel Wagener, although defendant instructed MRC to send

---

[2]Defendants have also moved to strike portions of plaintiff's reply brief on the ground that it raised new arguments not asserted in plaintiff's motion or accompanying memorandum. Because the court finds that plaintiff's reply was generally responsive to arguments and issues raised in defendant's opposition, defendant's motion is denied.

Wagener the proposed recipient list for approval prior to transmitting the fax, MRC failed to do so. Defendant concedes that MRC apparently sent the fax to multiple recipients but claims that it never saw or received the recipient list, has had no contact with MRC since the fax was sent, and has no information that would enable it to identify the recipients.

## DISCUSSION

For a case to proceed as a class action in federal court, it must meet each of the "numerosity," "commonality," "typicality," and "adequacy of representation" prerequisites set forth in Federal Rule of Civil Procedure 23(a), as well as any one of the conditions set forth in Rule 23(b). See Oshana v. Coca-Cola Co, 472 F.3d 506, 513 (7th Cir. 2006). In addition, the plaintiff must show that the proposed class is sufficiently definite, i.e., that its members are identifiable. See id.; Alliance to End Repression v. Rochford, 565 F.2d 975, 977 (7th[h] Cir. 1977). The court must assess the appropriateness of class certification without regard to the merits of the case. See Mira v. Nuclear Measurements Corp., 107 F.3d 466, 474 (7th Cir. 1997).

The TCPA provides that it is unlawful to use a telephone facsimile machine, computer or other device to send an "unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). To prevail on a claim under the TCPA, plaintiff must show that defendant: "(1) used a telephone facsimile machine, computer or other device to send a facsimile; (2) the facsimile was unsolicited; and (3) the facsimile constituted an advertisement." Hinman v. M and M Rental Center, --- F.Supp.2---, 2008 WL 927910 (N.D. Ill. 2008), at *2.

While federal courts across jurisdictions have grappled with the challenges posed by putative class actions under the TCPA, the Seventh Circuit has not yet had an opportunity to offer guidance on class certification in such cases. District courts have declined to certify class

3

actions in many TCPA cases, see, e.g., Sadowski v. Med1 Online, LLC, 2008 WL 489360 (N.D. Ill. 2008); G.M. Sign, Inc. V. Franklin Bank, 2007 WL 4365359 (N.D. Ill. 2007), Levitt v. Fax.com., 2007 WL 3169078 (D.Md. 2007); Forman v. Data Transfer, Inc., 164 F.R.D. 400 (E.D. Pa. 1995); Kenro, Inc., v. Fax Daily, Inc., 962 F.Supp. 1162 (S.D. Ind. 1997), while certifying them in others, see, e.g., Hinman; Kavu v. Omnipak Corp., 246 F.R.D. 642 (W.D. Wa. 2007); Gene & Gene, LLC, v. Biopay, LLC, 240 F.R.D. 239 (M.D. La. 2006); .

The most frequent bone of contention, in this jurisdiction as in others, revolves around the issue of consent. In nearly every case, defendants oppose certification on the basis that TCPA claims are inherently individual due to the statutory requirement that only "unsolicited" faxes may give rise to a claim. This opposition may be framed in several ways. In some cases, it is articulated as an objection that the class is indefinite and inappropriate because it requires the court to delve into issues of liability. Several courts in this district have declined to certify TCPA cases on this basis. See Sadowski and G.M. Sign. Other courts have found that the consent issue also precludes a finding that the putative class meets the commonality and/or typicality requirements of Rule 23(a). See, e.g., Kenro, Inc., v. Fax Daily, Inc., 962 F.Supp. 1162 (S.D. Ind. 1997); Forman v. Data Transfer, Inc., 164 F.R.D. 400 (E.D. Pa. 1995).

The plaintiffs in Sadowski proposed a class definition substantially similar to the one proffered here.[3] They sought to certify a class of "(a) all persons with Illinois fax numbers; (b) who [during the relevant time period]; (c) were sent advertising faxes by defendant (d) and with

---

[3]Indeed, it was nearly identical until plaintiffs amended the proposed class definition as a result of the Sadowski and G.M. Sign rulings. Whether or not the current class definition would pass muster under those cases is immaterial, however, because this court declines to certify the proposed class on a different basis.

respect to whom defendant cannot provide evidence of express consent or an established business relationship prior to the transmission of the faxes." Sadowski, at *3. Relying on G.M. Sign, Forman, and Kenro, the Sadowski court held that the proposed class was indefinite because element (d) would have required the court to probe, on a case-by-case basis, into the merits of the case and into the relationship between plaintiff and defendants, eviscerating the presumed benefits of the class action mechanism. See id.

In Hinman, by contrast, the court certified a class defined as "[a]ll persons who, on or after four years prior to the filing of this action, were sent, without permission, telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of defendant." Id. at ---. The defendants in that case conceded that thousands of faxes had been sent on several occasions to a "leads" list (or some subset thereof) compiled by a third party. They argued, however, that because the plaintiffs could not demonstrate which of the fax numbers identified on the leads list had actually received the transmission (i.e., the intended transmission had been successful), the plaintiffs failed to meet the numerosity requirement of Rule 23(a). The defendants further argued that the consent issue defeated commonality and typicality, invoking, inter alia, Kenro, Forman, and G.M. Sign.

The Hinman court rejected all of these arguments. Analyzing the defendants' numerosity argument as an objection, in reality, to the definiteness of the proposed class, the court resolved both issues together. The court held that definiteness does not require plaintiffs to identify specific class members, and that "a class is sufficiently definite if its members can be ascertained by reference to objective criteria and may be defined by reference to defendants' conduct." Hinman, at ---. The court further observed that Kenro and its progeny failed to appreciate the

5

nature of fax advertising as "an organized program" of mass communication, rather than as occasional or sporadic transmissions. Id. In light of the nature of fax advertising, the Hinman court found that consent likely presented a common issue, rather than an individual one. Finally, the court disagreed that certifying the class required it to assess the underlying merits and held that it was "merely setting the bounds of the class." Hinman, at ---.

Hinman agreed with G.M. Sign and Sadowski to the extent it held that the class definition need not be formulated in such a way as to require the defendant to produce evidence of consent at the class certification stage. Instead of denying certification, however, the Hinman court merely amended the class definition, striking language that was similar to the Sadowski plaintiff's problematic element (d). Nevertheless, Hinman rejected the implication that the consent issue renders TCPA cases presumptively unfit to proceed as class actions.

The court agrees with the analysis in Hinman. In the instant case, it is apparently undisputed that some number of faxes were sent on defendant's behalf (with or without defendant's explicit authorization), potentially to tens of thousands of recipients unknown to defendant. This reflects precisely the type of "organized program" that lends itself to a common adjudication of the consent issue. The court further agrees that the class may be identified with reference to defendants' conduct without requiring a premature look into the merits of the case. Finally, to the extent class members are identifiable based on the proposed definition, it appears that the putative class meets the requirements of Rule 23(a) and Rule 23(b)(3). Nevertheless, the factual landscape of the instant case differs from the one before the Hinman court in one important respect: the availability of information sufficient to identify the recipients of the disputed fax.

In Hinman, the court correctly held that plaintiffs need not identify which specific fax numbers successfully received defendants' transmission from a list of numbers to which the transmission was indisputably sent. In this case, by contrast, there appears to be <u>no</u> list of numbers from which the parties (or the court) may reasonably assume class members could be identified, even if the class members were only a subset of that universal list. It is unclear from the parties' submissions whether MRC (if indeed that entity still exists) would have any records that may reveal the intended recipients of the fax; but it is evident that the parties themselves have been unable to obtain such a record. In short, there is simply no reasonable way of identifying potential class members in this case.

In this respect, the instant case most closely resembles <u>Levitt v. Fax.com</u>., 2007 WL 3169078 (D.Md. 2007). Although the court in <u>Levitt</u> cited the individualized nature of the consent issue as the basis for declining certification, its analysis focused on the inability of the parties to obtain information about the identity of the recipients or the construction of the recipient list. <u>See</u> <u>Levitt</u> at *4-*5. The court acknowledged that under some circumstances, such as those presented in <u>Kavu</u> and <u>Gene & Gene</u>, adjudication of consent may be appropriate on a classwide basis, but distinguished those cases based on the availability of identifying information.

Like the <u>Leavitt</u> court, this court finds that in the absence of some realistic means of identifying potential class members, class certification is inappropriate. Plaintiff's suggestion of

advertising in local newspapers to identify the recipients of a junk fax sent over a year ago simply comes up short. Accordingly, plaintiff's motion for class certification is denied.


**ENTER:**     **June 3, 2008**

							_____
							**Robert W. Gettleman**
							**United States District Judge**

advertising in local newspapers to identify the recipients of a junk fax sent over a year ago simply comes up short. Accordingly, plaintiff's motion for class certification is denied.


**ENTER:**     **June 3, 2008**

							_____
							**Robert W. Gettleman**
							**United States District Judge**